488 S.E.2d 309

**In the Matter of Harry PAVILACK, Respondent.**

No. 24633.

Supreme Court of South Carolina.

Heard May 7, 1997.
Decided June 9, 1997.

David P. McCann, Charleston, for respondent.

Attorney General Charles Molony Condon and Senior Assistant Attorney General James G. Bogle, Jr., Columbia, for complainant.

PER CURIAM:

In this attorney grievance matter, respondent tendered an admission to the allegations and a consent to a letter of caution. At the hearing before this Court, respondent consented to any form of discipline this Court found appropriate. We accept respondent's admission and publicly reprimand him for his conduct.

Respondent admits that he aired two advertisements involving automobile accidents in 1995. In one of the advertisements, an individual portraying a police officer summoned respondent by radio and asked him to come to the scene of the accident to determine who was at fault. The other advertisement places respondent at the scene of an accident directing the police officer to interview the occupants of the vehicle which rear-ended respondent's client.

Although he states that he did not intend for the advertisements to be misleading or deceptive, respondent admits that the advertisements could have been perceived as misleading.[1] By presenting these advertisements which imply that respondent has the ability to control a police officer's investigation, respondent has violated Rule 7.1(b) of the Rules of Professional Conduct, Rule 407, SCACR.

We publicly reprimand respondent for his misconduct in this matter.

PUBLIC REPRIMAND.

---

1. At the hearing before this Court, respondent initially argued that the advertisements were not misleading and that the restrictions on lawyer advertising are unconstitutional because the State did not conduct a survey prior to adopting the rules. When the Court indicated its reluctance to accept the conditional admission in the face of respondent's presentation of arguments, respondent, after consulting with his attorney, admitted that the advertisements could be perceived as misleading. While we construe this admission as a withdrawal of respondent's constitutional argument as well as his argument that the advertisements were not misleading, we find the constitutional argument to be patently without merit. *Florida Bar v. Went For It, Inc.*, 515 U.S. 618, 115 S.Ct. 2371, 132 L.Ed.2d 541 (1995); *Central Hudson Gas & Electric Corp. v. Public Service Commission of New York*, 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980)(the government may freely regulate commercial speech which concerns unlawful activity or is misleading).